FILED
2026 Jun-16  AM 10:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **KEYARAH MCKENZIE SMITH,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 2:25-cv-1296-ACA** |
| | } | |
| **CITY OF BIRMINGHAM, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Keyarah McKenzie Smith worked for Defendant City of Birmingham as an administrative assistant. Ms. Smith informed her supervisor of her disabilities and requested an accommodation, but she never received one. She then filed a complaint with the City's human resources department. A few weeks later, Ms. Smith received her first disciplinary write-up. Ultimately, the City terminated Ms. Smith's employment, and this lawsuit followed. Her complaint asserts four claims against the City: disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("Count One"), failure to accommodate under the ADA and the Rehabilitation Act, 29 U.S.C § 794 ("Count Two"), retaliation under both laws ("Count Three"), and hostile work environment under both laws ("Count Four").

The City moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and under Rule 12(b)(6) for failure to state a claim. (Doc. 24). For the reasons below, the court **GRANTS IN PART**, **DENIES IN PART**, and **FINDS AS MOOT IN PART**. The court **GRANTS** the motion with respect to any claims under the Rehabilitation Act and any request for punitive damages. The court **FINDS AS MOOT** any request to dismiss Ms. Smith's constitutional claim and the individual defendants. And the court **DENIES** the motion in all other respects.

## I.    BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Barat v. Navy Fed. Credit Union*, 127 F.4th 833, 835 (11th Cir. 2025).

Ms. Smith started working for the City as an administrative assistant in December 2022. (Doc. 13 ¶ 12). In early 2023, she informed her supervisors that she was diagnosed with Attention-Deficit/Hyperactivity Disorder and dyslexia. (*Id.* ¶ 13). A few months later, Ms. Smith requested an accommodation based on these disabilities. (*Id.* ¶ 15). The City ignored the request. (*Id.*).

In August 2023, Ms. Smith again asked her supervisors, Brittany Perryman and Leitha Dess, for an accommodation, but they denied her request. (Doc. 13 ¶ 16). The same month, Ms. Smith filed a complaint with the City's human resources

2

department, alleging that Ms. Perryman has engaged in hostile and retaliatory conduct. (*Id.* ¶ 17). A few weeks later, Ms. Smith received her first disciplinary write-up. (*Id.* ¶ 20). Over the next few months, Ms. Smith filed several formal and informal complaints. (*Id.* ¶¶ 22–24, 26). In November 2023, the City terminated Ms. Smith's employment. (Doc. 13 ¶ 27).

## II.    DISCUSSION

The City offers several arguments for dismissal. (Doc. 24). First, the City argues that any claims under the Rehabilitation Act should be dismissed because Ms. Smith did not allege the City receives federal funding. Second, the City contends that the complaint contains defendants and a claim that the court already dismissed. Third, the City seeks to dismiss any request for punitive damages. Fourth, the City argues Ms. Smith failed to timely serve the City. And lastly, the City maintains Ms. Smith's complaint is a shotgun pleading. The court addresses each argument separately,  beginning with the procedural defenses.

### 1. Insufficient Service of Process

Service of process is a jurisdictional requirement, so the court must begin its analysis there. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction."). The City moves to dismiss the complaint

because Ms. Smith did not serve the City within ninety days pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 24 at 5–6). But the court granted Ms. Smith's motion to proceed *in forma pauperis*. (Doc. 6). Accordingly, it was U.S. Marshals' obligation to conduct service—not Ms. Smith's. *See* Fed. R. Civ. P. 4(c)(3). And the Marshals cannot serve a defendant until the court orders them to do so. *See id.*

The court must screen *pro se* complaints if a plaintiff is proceeding *in forma pauperis* and *sua sponte* dismiss any claims that fail to state a claim. 28 U.S.C. § 1915(e)(2). Indeed, the screening process benefits defendants—like the City— "because it [frees] them from the burdens of frivolous and harassing litigation." *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). Accordingly, the court screened Ms. Smith's complaint and noted deficiencies. (Doc. 6; doc. 9). Ms. Smith timely responded to each of the court's orders and timely filed a second amended complaint on January 5, 2026. (Docs. 10, 13). A summons was issued on January 9, 2026. (Doc. 14).

The court finds the City's argument meritless. As the City is aware (doc. 16), the U.S. Marshals initially failed to effect proper service and another summons had to be issued (doc. 18). The City was properly served on March 18, 2026. (Doc. 22). Any delay in service was caused by the court's screening obligation and the U.S. Marshals—not Ms. Smith. And the City does not cite any authority that Ms. Smith

4

should be punished for the court's obligations. (*See* doc. 24 at 6). The court therefore **DENIES** the City's motion to dismiss based on improper service.

2.  Shotgun Pleading

The City also moves to dismiss Ms. Smith's complaint as a shotgun pleading. (Doc. 24 at 6–8). Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." And Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall into "four rough types or categories." *Id.* at 1321. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is one that does "not separat[e] into a different count each cause of action or claim for

5

relief." *Weiland*, 792 F.3d at 1323. And the fourth type of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The City argues that the complaint is a shotgun pleading of the first and second kind. (Doc. 24 at 7–8). The court disagrees. Ms. Smith's complaint realleges only factual allegations in each count. (Doc. 13 ¶¶ 28, 32, 36, 44). And Ms. Smith's factual allegations are tied to her allegations of discrimination. (*See, e.g.*, *id.* ¶¶ 1–27). The court therefore **DENIES** the City's motion.

3.  Rehabilitation Act Claims

The City moves to dismiss the claims under the Rehabilitation Act because Ms. Smith's complaint does not allege any receipt of federal funding. (Doc. 24 at 4). The Rehabilitation Act applies only to state and local entities that receive federal funding. 29 U.S.C. §§ 791(f), 794(a); *Ingram v. Kubik*, 30 F.4th 1241, 1257 (11th Cir. 2022). Here, Ms. Smith's complaint does not allege the City receives any federal funding. (*See generally* doc. 13). Accordingly, Ms. Smith has not stated a claim under the Rehabilitation Act.

Ms. Smith does not argue that her complaint alleges that the City receives federal funding. (*See* doc. 26 at 3). Instead, she provides a list of entities providing federal funding and encourages the court to take judicial notice of the funding. But

the alleged sources of funding do not appear in her complaint, and Ms. Smith cannot amend her complaint through briefing. *See Miccosukee Tribe of Indians v. United States*, 716 F.3d 535, 559 (11th Cir. 2013) (noting that "a plaintiff cannot amend [her] complaint through argument made in [her] brief in opposition to the defendant's motion for summary judgment."). A court may take judicial notice only when a fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Ms. Smith provides no sources for her contention, so the court cannot take judicial notice. The court therefore **GRANTS** the City's motion and **DISMISSES** the Rehabilitation Act claims in Counts Two, Three, and Four **WITHOUT PREJUDICE**.

4.  Due Process Claims and Individual Defendants

The City moves to dismiss Count Five and any claims against the individual defendants listed in the complaint. (Doc. 24 at 4–5). But the court denied Ms. Smith's motion for leave with respect to Count Five and the individual defendants because it found amendment would be futile. (Doc. 12). Although the court did not require Ms. Smith to draft a new complaint, those claims are not before the court. The court therefore **FINDS AS MOOT** the City's motion with respect to Count Five for constitutional violations and the individual defendants.[1] But to avoid any confusion,

---

[1] Although the individual defendants have been terminated as parties, the court notes that the City "moves for this Court to issue an order dismissing Count V and all individual defendants."

7

the court **STRIKES** the constitutional claims and the individual defendants from the complaint. (Doc. 13).

5. Punitive Damages

The City moves to dismiss any request for punitive damages. (Doc. 24 at 5). Ms. Smith concedes dismissal is appropriate. (Doc. 26 at 6). Accordingly, the court **GRANTS** the City's motion and **DISMISSES** any request for punitive damages.

### III.    CONCLUSION

For the reasons above, the court **GRANTS IN PART**, **DENIES IN PART**, and **FINDS AS MOOT IN PART**. The court **GRANTS** the motion with respect to any claims under the Rehabilitation Act and **DISMISSES** those claims **WITHOUT PREJUDICE**. The court also **GRANTS** the motion and **DISMISSES** any request for punitive damages **WITH PREJUDICE**. The court **FINDS AS MOOT** any request to dismiss Ms. Smith's constitutional claim and the individual defendants because those claims are not in her complaint. And the court **DENIES** the motion in all other respects. (Doc. 24).

**DONE** and **ORDERED** this June 16, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

(Doc. 28 at 4). But the City's attorneys have appeared only on behalf of the City. So it is unclear what authority the City's attorneys have to seek dismissal of any claims against other defendants.

8